CORRAN P. STANTON, RESPONDENT, v. ALBERT N. PRITCHARD, APPELLANT.

*Cutting timber — measure of damages.*

In an action for cutting and removing standing timber, the measure of damages is the value of the timber at the place where it stood when the trespass was committed, unless the action is brought and a recovery had under the statute (2 R. S., 338, § 1), when the damages may be trebled.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Isaac S. Newton*, for the appellant.

*E. H. Prindle*, for the respondent.

Opinion by JAMES, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed.

---

ELIJAH BEATTY, RESPONDENT, v. AUGUSTUS MYERS, APPELLANT.

*County Court — appeal from.*

Where an action is commenced in a County Court, an appeal may be taken from a judgment entered therein, upon a case and exceptions, without first moving in such court for a new trial.

APPEAL from a judgment of the County Court of Ulster county, in favor of the plaintiff, entered upon the verdict of a jury.

*Charles A. Fowler*, for the appellant.

*A. S. Schoonmaker*, for the respondent.

Opinion by JAMES, J.

* Whitbeck v. N. Y. C. R. R. Co., 36 Barb., 644.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed.

---

ALFRED SWART, RESPONDENT, *v.* ROBERT S. LIVINGSTON, APPELLANT.

*Agency — statement of alleged agent to third person — effect of its admission in evidence.*

APPEAL from a judgment of the County Court of Columbia county in favor of the plaintiff for $186.18 damages and costs, and from an order denying a motion for a new trial.

The only point raised in this case was on the objection to a question put to one Crawford, whether he told the plaintiff, when he hired him, that he hired him for the defendant. The court *held*, that the admissibility of that evidence depended on Crawford's authority from the defendant; that is, it depended on his agency. If Crawford was defendant's agent to hire the plaintiff, then what he said in hiring was admissible as part of the *res gestæ;* otherwise not. That Crawford's agency was a question of fact on which the evidence was conflicting. The defendant might have asked the court to instruct the jury, that if Crawford was not otherwise shown to be the defendant's agent to do this hiring, then the statement made by him at the time would have no weight; but no such request was made. The court *held*, that it could not say as matter of law that Crawford was not the defendant's agent, for the jury must have found that he was; and, therefore, it could not say that there was error.

The judgment and order were affirmed.

*J. B. Longley*, for the appellant.

*R. E. Andrews*, for the respondent.

Opinion by the court.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ

Judgment and order affirmed.